**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-10434**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**TIMOTHY LYNN DANIELS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(5:00-CR-100-1-C)**

_____

October 23, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Timothy Lynn Daniels challenges the sufficiency of the evidence to support his conviction, after a jury trial, of being a felon in possession of a firearm. Daniels asserts: the Government failed to prove he had actual possession of the firearm because it did not prove that he owned the firearm; and failed to prove he had constructive possession of the firearm because Daniels was a joint occupant of the residence where the firearm was found. Daniels also challenges the sufficiency of the evidence that he possessed the firearm on the date charged in the indictment, 25 August 2000.

Because Daniels failed to move for a judgment of acquittal at

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the close of the Government's case, and offered no evidence, our review is limited to "'whether there was a manifest miscarriage of justice'". *United States v. Delgado*, 256 F.3d 264, 274 (5th Cir. 2001)(quoting *United States v. Daniel*, 957 F.2d 162, 164 (5th Cir. 1992)); *see* *United States v. Smith*, 203 F.3d 884, 887 (5th Cir. 2000); *United States v. Inocencio*, 40 F.3d 716, 724 (5th Cir. 1994). A manifest miscarriage of justice occurs only where "'the record is devoid of evidence pointing to guilt, or ... [if] the evidence on a key element of the offense was so tenuous that a conviction would be shocking'". *United States v. Thomas*, 12 F.3d 1350, 1358 (5th Cir.)(quoting *United States v. Galvan*, 949 F.2d 777, 783 (5th Cir. 1991)), *cert. denied*, 511 U.S. 1095 (1994).

There was no manifest miscarriage of justice as the record is not devoid of evidence, nor is the evidence tenuous, that, on 25 August 2000, Daniels constructively possessed the firearm. For example, on that date, the firearm was found in a bedroom where Daniels' wallet and clothes were located, and he pointed out the location of the firearm to Officers executing a search warrant.

*AFFIRMED*

2